UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA RAETHER, | : | |
| | : | |
| Plaintiff, | : | Case No. Case No. 2:17-cv-00280 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| BRAVO BRIO RESTAURANT GROUP, INC., | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION FOR LEAVE TO FILE MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, WITH ATTACHED CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE, UNDER SEAL**

Pursuant to Local Rule 5.2.1, Plaintiff Angela Raether ("Plaintiff") and Defendant Bravo Brio Restaurant Group, Inc. ("BBRG") (collectively the "Parties") respectfully request an Order authorizing them to file a Joint Motion for Approval of Settlement Agreement, along with the actual Settlement Agreement and Release, under indefinite seal. The grounds for this motion are as follows:

1. Plaintiff filed her Complaint on April 7, 2017, alleging, among other claims, a violation of the Fair Labor Standards Act ("FLSA"). The Complaint has not been served on BBRG while the Parties engaged in extensive, good faith settlement negotiations. As a result of those negotiations, the Parties have reached a settlement of Plaintiff's individual claims, which has been reduced to writing.

2. During negotiations, BBRG emphasized the need for confidentiality of the settlement terms, and such confidentiality is a material term of the Parties' agreement.

3. Because the settlement includes resolution of a claim under the FLSA, Court approval of the settlement terms is necessary.

4. Filing the motion to approve the settlement and confidential settlement agreement under seal is necessary to maintain the confidentiality of the agreement. If the relief requested herein is not granted, a material term of the agreement will be rendered inoperative and settlements in FLSA actions will become more difficult.

Therefore, the Parties respectfully request an Order authorizing them to file the written settlement agreement, along with the joint motion seeking the Court's approval of same, under seal. A Memorandum in Support is attached. The Parties have also submitted a proposed Order for the Court's convenience

| **OLSHESKI LAW CO., L.P.A.** | **VORYS, SATER, SEYMOUR & PEASE, LLP** |
|---|---|
| /s/ Jessica L. Olsheski<br>Jessica L. Olsheski (0078063)<br>600 East Rich Street<br>Columbus, Ohio 43215<br>Telephone: (614) 252-5500<br>Facsimile: (614) 252-5058<br>Jessica.olsheski@justice-law.net | /s/ Cory D. Catignani<br>Adam J. Rocco (0083807)<br>Cory D. Catignani (0084329)<br>52 East Gay Street, P.O. Box 1008<br>Columbus, Ohio 43216-1008<br>Telephone: (614) 464-6286<br>Facsimile: (614) 719-4804<br>acsmith@vorys.com<br>ajrocco@vorys.com |
| **BECKMAN WEIL SHEPARDSON LLC** | |
| /s/ Kristen M. Myers<br>Kristen M. Myers (0078047)<br>Kimberly S. Phillips (0091571)<br>Peter L. Cassady (0005562)<br>895 Central Avenue, Suite 300<br>Cincinnati, Ohio 45202<br>Telephone: (513) 621-2100<br>Facsimile: (513) 621-0106<br>kmyers@beckman-weil.com<br>kphillips@beckman-weil.com<br>petercassady@beckman-weil.com | *Attorneys for Defendant* |

*Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

Plaintiff, a former BBRG server, filed this lawsuit on April 7, 2017. The Complaint alleges claims under the Fair Labor Standards Act ("FLSA"), as well as non-FLSA claims. Plaintiff is also an opt-in plaintiff in a separate FLSA collective action pending in Missouri federal court ("Missouri case"). Prior to service of the Complaint on BBRG, the Parties engaged in extensive, good faith settlement negotiations. As a result of those negotiations, the Parties reached an agreement on all of Plaintiff's individual claims, the terms of which are memorialized in a Settlement Agreement and Release ("Agreement").

Pursuant to 29 U.S.C. §216(b), private resolution of FLSA claims must be reviewed and approved by the courts. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). That necessarily requires the Agreement to be filed with this Court and, therefore, available for public viewing. However, during settlement negotiations, BBRG stressed the need for confidentiality of the Agreement due, in part because of Plaintiff's participation as an opt-in plaintiff in the Missouri case. The only way to comply with the confidentiality provision, as well as the requirements of 29 U.S.C. §216(b) is to submit the Agreement under seal for this Court's review.

Courts have recognized the importance of confidentiality provisions in settlement agreements and found that the benefit of honoring such provisions outweighs the interest of having the agreement available for public view, especially when a potential consequence could include the decision not to pursue settlement. *See, e.g., Sanderson v. City of Potosi,* 2016 U.S. Dist. LEXIS 58524, *5 (E.D. Mo. May 3, 2016) ("Balancing the substantial benefits of this [FLSA] settlement against the harm of sealing these documents from public view, the Court finds that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain under seal"). Moreover, courts in Ohio and within the Sixth Circuit

3

routinely authorize FLSA settlement agreements to be filed and maintained under seal. *See Zwerin v. 533 Short North LLC*, 15 F.Supp.3d 769, 771 (S.D. Ohio 2014)(Hon. Edmund A. Sargus Jr.)(FLSA class action Settlement Agreement submitted for in camera review, and filed under seal); *Bradford v. Legacy Health Servs.*, 2014 U.S. Dist. LEXIS 161672 (N.D. Ohio Nov. 18, 2014)(FLSA collective action settlement agreement filed under seal); *Gongora v. 1st Sec. Servs. of Ohio Corp.*, 2015 U.S. Dist. LEXIS 71765 (N.D. Ohio Jun. 3, 2015)(Settlement agreement filed under seal in FLSA collective/class action); *Lakosky v. Discount Tire Co., Inc.*, 2015 U.S. Dist. LEXIS 99960 (E.D. Mich. Jul. 31, 2015)(FLSA collective action settlement agreement filed under seal); *Hedglin v. Maxim Healthcare Servs., Inc.*, 2016 U.S. Dist. LEXIS 148275 (N.D. Ohio Oct. 26, 2016)(FLSA minimum wage case settlement agreement approved in camera and filed under seal); *Temple v. Vsm Sewing, Inc.*, 2016 U.S. Dist. LEXIS 135780 (N.D. Ohio Sep. 30, 2016)(FLSA settlement agreement filed under seal); and *Ochs v. Modern Design, Inc.*, 2014 U.S. Dist. LEXIS 142197 (N.D. Ohio Oct. 6, 2014)(Court granting "Joint Motion for Court Approval of Settlement Agreement and Release Filed Under Seal" in FLSA case).

    For these reasons, the Parties jointly request this Court to uphold the importance of the confidentiality provision and grant their motion to file their Joint Motion for Approval of Settlement Agreement, along with the actual Settlement Agreement and Release, under seal.

| **OLSHESKI LAW CO., L.P.A.** | **VORYS, SATER, SEYMOUR & PEASE, LLP** |
|---|---|
| /s/ Jessica L. Olsheski | /s/ Cory D. Catignani |
| Jessica L. Olsheski (0078063) | Adam J. Rocco (0083807) |
| 600 East Rich Street | Cory D. Catignani (0084329) |
| Columbus, Ohio 43215 | 52 East Gay Street, P.O. Box 1008 |
| Telephone: (614) 252-5500 | Columbus, Ohio 43216-1008 |
| Facsimile: (614) 252-5058 | Telephone: (614) 464-6286 |
| Jessica.olsheski@justice-law.net | Facsimile: (614) 719-4804 |
| | acsmith@vorys.com |
| | ajrocco@vorys.com |

*Attorneys for Defendant*

**BECKMAN WEIL SHEPARDSON LLC**

/s/ Kristen M. Myers
Kristen M. Myers (0078047)
Kimberly S. Phillips (0091571)
Peter L. Cassady (0005562)
895 Central Avenue, Suite 300
Cincinnati, Ohio 45202
Telephone:   (513) 621-2100
Facsimile:   (513) 621-0106
kmyers@beckman-weil.com
kphillips@beckman-weil.com
petercassady@beckman-weil.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 5th day of July, 2017.  Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Cory D. Catignani
Cory D. Catignani